DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITY OF TAMARAC, FLORIDA,**
Appellant,

v.

**13th FLOOR WOODLANDS HB GP, LLC,**
Appellee.

No. 4D21-3489

[June 8, 2022]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. 21-019013 CACE (12).

R. Max Lohman and Walter H. Porr, Jr. of Lohman Law Group, P.A., West Palm Beach, for appellant.

Ari J. Glazer of Moskowitz, Mandell & Salim P.A., Fort Lauderdale, and Etan Mark and Jordan Nadel of Mark Migdal & Hayden, Miami, for appellee.

PER CURIAM.

*Affirmed.*

CIKLIN and GERBER, JJ., concur.
WARNER, J. concurs specially with opinion.

WARNER, J., concurring specially with opinion.

This is an appeal from a temporary injunction entered by the trial court. The injunction prevents the City of Tamarac from conducting a second hearing on appellee's application for a comprehensive land use plan amendment until the resolution of appellee's claim that the hearing should be quasi-judicial rather than legislative. City code requires the hearing to be a quasi-judicial hearing, but the city commission announced that it would instead hold a legislative hearing.

In opposing the quasi-judicial hearing, the city relied on *Martin County v. Yusem*, 690 So. 2d 1288 (Fla. 1997), which held that "all comprehensive plan amendments are legislative decisions subject to the fairly debatable standard of review." *Id.* at 1295. That holding applies to the standard of review in a circuit court action to review a comprehensive land use decision. The *Yusem* court noted, "we do point out that even with the deferential review of legislative action afforded by the fairly debatable rule, local government action still must be in accord with the procedures required by chapter 163, part II, Florida Statutes, and *local ordinances.*" *Id.* (emphasis supplied). Thus, I concur in the affirmance as I conclude that the trial court did not err in finding that appellee had a substantial likelihood of success in proving that it is entitled to the quasi-judicial hearing provided by the city code.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

2